UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

In re:

HANIF-SALAHUDIN COTTON,

Debtor.

Bankruptcy Case No. 22-10735 TBM
Chapter 7

**ORDER DENYING MOTION TO REOPEN, APPLICATION TO WAIVE FILING FEE, AND MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER comes before the Court on (1) the "Emergency Motion to Reopen Chapter 7 Case Pursuant to 11 U.S.C. § 350(b) With Proposed Order to Address Systematic Violations Including Judicial Record Tampering, Fraudulent Debt Creation, and Void Property Transfers" (Docket No. 77, the "Motion to Reopen"); (2) the "Application to Have the Chapter 7 Filing Fee Waived (Docket No. 78, the "Application to Waive Fee"); and (3) the "Emergency Motion for Appointment of Counsel to Address Systematic Discharge Violations Pursuant to 11 U.S.C. § 707(a) and 28 U.S.C. § 1915(e)(1)" (Docket No. 79, the "Motion to Appoint Counsel"), all of which were filed by Hanif-Salahudin Cotton (the "Former Debtor") on October 15, 2025.  The Court denies all of the foregoing motions for the following reasons.

## Discussion

11 U.S.C. § 350 provides:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

As best the Court understands,[1] in the Motion to Reopen, the Former Debtor requests that the Court determine that the foreclosure and subsequent sale of a property commonly known as 936 Dove Hill Road, La Salle, Colorado (the "Property"), was undertaken in violation of the discharge injunction of 11 U.S.C. § 524(a)(3).  The Former Debtor also requests that the Court determine that actions to collect child support undertaken by the South Dakota Division of Child Support in the Colorado Judicial Branch also violate the discharge injunction of 11 U.S.C. § 524(a)(3).  The Former Debtor seeks

---

[1] The Motion to Reopen is far from a model of clarity.

1

a declaration that such violations are void as well as an award of damages. The Former Debtor further sets for a litany of other complaints, asserting that the Court has jurisdiction to hear such matters as well.

L.B.R. 5010-1, the local rule applicable to reopening cases, provides that a motion to reopen "must be served on the United States Trustee, the trustee previously assigned to the case, the 20 largest unsecured creditors in a chapter 11 case, and any party against whom relief is sought upon reopening of the case."

The Motion to Reopen is procedurally deficient in that the Former Debtor has not complied with L.B.R. 5010-1, in that he has not served the Motion to Reopen on the United States Trustee, the trustee previously assigned to the case, or any of the parties against whom relief is sought. As such, the Court denies the Motion. However, that is not the only reason that the Court denies the Motion.

In relevant part, § 524 states:

> (a) A discharge in a case under this title-
>
> (1) voids any judgment at the time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of this title . . .;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .;
>
> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1192, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor . . . .

During the Former Debtor's bankruptcy case, the Court entered an "Order on Motion for Relief from Stay" (Docket No. 61) in which it permitted Freedom Mortgage Corporation, the creditor which held a prepetition lien against the Property, relief from the automatic stay to foreclose on or take possession and control of the Property pursuant to such lien. The documents submitted with the Motion to Reopen demonstrate that Freedom Mortgage foreclosed on the Property after entry of the discharge.

Under Section 524(a)(2) only acts to collect, recover or offset a discharged debt as a personal liability of the debtor are enjoined. In other words, actions taken *in personam* to collect pre-petition debts from a debtor are enjoined. In contrast, actions taken *in rem* to enforce an interest in property are not enjoined. *Bednar v. RCB Bank (In re Bednar)*, 2019 WL 3928844, at *10 (10th Cir. BAP Aug. 20, 2019).

As the Bankruptcy Appellate Panel for the Tenth Circuit has explained:

> The discharge injunction does not constitute a blanket prohibition against all actions undertaken by creditors after the entry of discharge. Actions to collect against the debtor personally are enjoined. In contrast, *in rem* actions, which include actions to enforce a lien against encumbered property, are not prohibited by the discharge injunction.

*In re Jester*, 2015 WL 6389290, at *5 (10th Cir. BAP October 22, 2015), *aff'd* 656 Fed. App'x 425 (10th Cir. 2016). *See also Bednar*, 2019 WL 3928844, at *10 (quoting *Jester*). The actions of Freedom Mortgage of which the Former Debtor complains were undertaken to enforce its prepetition lien against the Property. Such actions were not enjoined by the discharge injunction and, therefore, cannot provide a basis for any claim for violation of the discharge injunction under Section 524. Id.

In the Motion to Reopen, the Former Debtor seems to argue that actions undertaken by South Dakota Division of Child Support to collect allegedly unpaid child support violate the discharge injunction. However, pursuant to 11 U.S.C. § 523(a)(5), claims for child support are excepted from the discharge. The Section 523(a)(5) exception works automatically, without the necessity of the creditor filing a complaint. 11 U.S.C. § 523(c)(1). As such, the Former Debtor has not identified any violation of the discharge injunction for which he may seek relief.

## Conclusion and Orders

The Former Debtor has failed to identify a plausible claim for violation of the discharge injunction, and the remaining relief requested by the Former Debtor arises from matters that do not arise in or relate to a case under title 11 of the United States Code. Therefore, the Court lacks jurisdiction to determine such matters. 28 U.S.C. §§ 1334 and 157.

Because the Court determines that it cannot "accord relief" to the Former Debtor, it cannot reopen the Former Debtor's case. It is, therefore,

ORDERED that the Motion to Reopen is DENIED. It is

FURTHER ORDERED that the Application to Waive Fee is DENIED as moot. It is

FURTHER ORDERED that the Motion to Appoint Counsel is DENIED as moot. And, furthermore, the Court is not authorized by any statute, rule, or applicable law to appoint counsel in a bankruptcy case.

DATED this 16th day of October, 2025.

BY THE COURT:

_____
Thomas B. McNamara,
United States Bankruptcy Judge